Edward J. Cuccia
Attorney and Counselor at Law
Ferro & Cuccia
100 Lafayette Street, Suite 201
New York, NY 10013
212-966-7775

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

Nagi Al-Omari (A#37-015-836),

          Petitioner,

v.

The U.S. Citizenship & Immigration Services;
Eric Holder, in his official capacity as
United States Attorney General;
Janet Napolitano, in his official capacity as
Secretary, U.S. Department of Homeland Security;
Michael Aytes, in his official capacity as
Acting Deputy Director, U.S. Citizenship &
Immigration Services; and Andrea J. Quarantillo,
in her official capacity as District Director,
U.S. Citizenship & Immigration Services;

          Respondents.
-----------------------------------------------------------X

**PETITION FOR HEARING ON NATURALIZATION APPLICATION**

1

Petitioner Nagi Al-Omari ("Al-Omari"), through his undersigned attorney, Ferro & Cuccia, alleges, based on personal knowledge as to himself and information belief as to all other matters, as follows:

## INTRODUCTION

1. This is an individual action for a request for hearing before the District Court, pursuant to § 336(b) of the Immigration and Nationality Act. 8 U.S.C. § 1447(b).

2. This action challenges the delay of United States Citizenship and Immigration Services ("USCIS") in rendering a decision regarding Al-Omari's naturalization application within 120 days of examination.

## JURISDICTION

3. The Court has jurisdiction to hear Al-Omari's request for a hearing on his naturalization application pursuant to 8 U.S.C. § 1447(b) and 28 U.S.C. § 1331.

4. The Court has subject matter jurisdiction to hear Al-Omari's request for relief in the nature of mandamus against officers and agencies of the United States. 28 U.S.C. § 1361.

5. The Court has personal jurisdiction over officials and agencies of the United States under 28 U.S.C. § 1346(a)(2).

6. Officials and agencies of the United States have been named as respondents. Thus, the Court has jurisdiction under the Administrative Procedures Act ("APA"). 5 U.S.C. §§ 551 et seq. and 5 U.S.C. §§ 701 et seq.

## VENUE

7. 8 U.S.C. §1447(b) states, in relevant part, that an "applicant may apply to the United States district court for the district in which the applicant resides for a hearing

on the matter." Al-Omari resides in New York, NY. Thus, venue in the Southern District of New York is proper.

## PARTIES

8. Al-Omari is a lawful permanent resident of the United States. His alien registration number is 37-015-836.

9. Respondent USCIS is the federal agency that adjudicates naturalization applications.

10. Respondent Eric Holder is the Attorney General of the United States, who has "the sole authority to naturalize persons as citizens of the United States." 8 U.S.C. § 1421(a).

11. Respondent Janet Napolitano is the duly appointed Secretary of the Department of Homeland Security, which oversees USCIS.

12. Respondent Michael Aytes is the duly appointed Acting Deputy Director of USCIS.

13. Respondent Andrea J. Quarantillo is the District Director of the New York District office of USCIS.

## FACTUAL ALLEGATIONS

14. On February 26, 1981, Al-Omari obtained his lawful permanent resident status.

15. On or about June 6, 2006, Al-Omari attended an interview in front of a USCIS District Adjudications Officer ("DAO") in New York, NY. On that day, the DAO informed him that he had passed the tests of English and U.S. history and

government, but that a final decision could not yet be made on his naturalization application pending additional documentation.

16. USCIS requested additional information and documents from Plaintiff, to be submitted on or before July 6, 2006.

17. Al-Omari timely submitted all requested information and documents by certified mail via the United States Postal Service.

18. USCIS acknowledged receipt of all requested information and documents on June 27, 2006.

19. Al-Omari meets all of the statutory requirements for naturalization.

20. Al-Omari wants to become a citizen of the United States for a number of reasons, such as the ability to travel with an American passport and the opportunity to apply for jobs only available to United States citizens.

21. USCIS has not yet rendered a decision on the matter.

22. Respondent Holder is responsible for actions and omissions of the Department of Homeland Security, of which USCIS is a part.

23. Respondent Aytes is responsible for the actions and omissions of USCIS.

24. Respondent Quarantillo is responsible for the actions and omissions of the 26 Federal Plaza office of USCIS, which is part of the New York District Office.

25. More than 120 days have elapsed since Al-Omari's naturalization examination on June 6, 2006. In fact, it has been over 2 years and 10 months.

### STATUTORY AND REGULATORY FRAMEWORK

26. 8 U.S.C. §1447(b) states, in relevant part, that "if there is a failure under section 335 before the end of the 120-day period after the date on which the examination

is conducted under such section, the applicant may apply to the United States district court . . . for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter."

27. 8 C.F.R. § 335.2(b) states: "The Service will notify applicants for naturalization to appear before a Service officer for initial examination on the naturalization application only after the Service has received a definitive response from the Federal Bureau of Investigation that a full criminal background check of an applicant has been completed."

28. 8 C.F.R. § 335.3(a) states that a decision to grant or deny the naturalization application shall be made at the initial examination or within 120 days after the date of the initial examination if the applicant has complied with all the requirements of naturalization.

29. 5 U.S.C. § 555(b) states "with due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."

30. Under 5 U.S.C. § 706, a reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed."

## CLAIMS FOR RELIEF

31. Al-Omari refers to and incorporates herein Paragraphs 1 through 30 of this Complaint as though set forth in full hereat.

32. Under 5 U.S.C. §§ 551 et seq., Al-Omari has been aggrieved by the Respondents' unlawful delay in acting upon Al-Omari's application and have failed to carry out the adjudicative functions delegated to them by law within a reasonable time.

33. Under 5 U.S.C. §§ 551 et seq., Respondents owe Al-Omari a duty to adjudicate his naturalization application within a reasonable time frame. Respondents have breached that duty by unreasonably delaying the processing of Al-Omari's application for naturalization, thus depriving Al-Omari of the benefits of United States citizenship.

34. Under 5 U.S.C. § 555(b), Respondents have failed to conclude a matter that has been presented to them within a reasonable time.

35. Under 8 U.S.C. § 1447(b), Respondent USCIS, by and through its officers Respondent Holder, Respondent Napolitano, and Respondent Quarantillo, have failed to act upon Al-Omari's application for naturalization within 120 days of his naturalization examination, thereby depriving Al-Omari of the benefits of having United States citizenship.

WHEREFORE, Petitioner prays that the Court:

(1) Hold a hearing to determine the matter;

(2) In the alternative, issue an order remanding the matter with instructions to Respondents to adjudicate the naturalization application within 30 days of the Court's order; and

(3) Grant such other and further relief as this Court deems just and proper.

Dated:
New York, New York

Respectfully submitted,
FERRO & CUCCIA

By: /s/ Edward J. Cuccia
Edward J. Cuccia
Edward@ferroandcuccia.com
100 Lafayette Street
New York, NY 10013
212-966-7775